NOTE: CHANGES MADE BY THE COURT

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| HECTOR BENAVIDES, | ) Case No.: CV 11-5101 AHM (PLAx) |
| | ) |
| Plaintiff, | ) Honorable Howard A. Matz |
| vs. | ) District Judge Presiding |
| | ) |
| ALTICOR INC.; ACCESS BUSINESS | ) Honorable Paul L. Abrams, |
| GROUP LLC; AMWAY; NUTRILITE | ) Magistrate Judge Presiding |
| A DIVISION OF ACCESS BUSINESS | ) |
| GROUP, and DOES 1 through 100, | ) |
| Inclusive | ) **PROTECTIVE ORDER** |
| | ) |
| Defendants. | ) |
| | ) |
| | ) Complaint Filed: January 5, 2011 |
| _____ | ) Trial Date: September 25, 2012 |

1. **DEFINITIONS**

    **1.1 "CONFIDENTIAL" Information or Items:** This protective order applies specifically to all notes or summaries, including the investigative summary and any notes prepared by Dick Delong, Paul Thomas, Scott Mazo, regarding the allegations against Hector Benavides. The documents have been identified as Bates

_____

Stamped Number ABGL2, ABGL5 to and including ABGL 13 and ABGL 39, ABGL 785-786, the originals and any copies of these documents.

    **1.2** **Counsel (without qualifier):** Outside Counsel of Record and House Counsel (as well as their support staff).

    **1.3** **Expert:** a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action.

    **1.4** **House Counsel:** attorneys who are employees of a party to this action or who are employees of a parent or subsidiary company of a party to this action. House Counsel does not, however, include Outside Counsel of Record or any other outside counsel.

    **1.5** **Non-Party:** any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

    **1.6** **Outside Counsel of Record:** attorneys who are not employees of a party to this action but are retained to represent or advise a party to this action and have appeared in this action on behalf of that party or are affiliated with a law firm which has appeared on behalf of that party.

    **1.7** **Party:** any party to this action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

**2.** **SCOPE**

The protections conferred by this Protective Order cover not only Protected Material
    (as defined above), but also (1) any information copied or extracted from
    Protected Material; (2) all copies, excerpts, summaries, or compilations of
    Protected Material

**3.** **DURATION**

    Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until the parties agree in writing or a

court order otherwise directs. Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

3.   **MANNER OF DESIGNATIONS.**

Except as otherwise provided in this Order (see, e.g., second paragraph of section 5.2(a) below), or as otherwise stipulated or ordered, "Confidential Information" As defined herein will be stamped "CONFIDENTIAL" at the bottom of each page.

4.   **ACCESS TO AND USE OF CONFIDENTIAL MATERIAL**

**4.1** Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

**4.2   Disclosure of "CONFIDENTIAL" Information or Items.** Unless otherwise ordered by the court, a Party may disclose any information or item designated "CONFIDENTIAL" only to:

(a)   the Party's employees, if such disclosure is typical in the course and scope of their employment;

(b)   Outside Counsel of Record in this action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit B;

(c)   Experts (as defined in this Order) of the Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit B);

  (d) the court and its personnel;

  (e) pursuant to lawful subpoena or order; or

  (f) as required by law

## 5. PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

If one or more defendants are served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this action as "CONFIDENTIAL," that Defendant must:

  (a) promptly notify in writing the plaintiff. Such notification shall include a copy of the subpoena or court order and shall be done so plaintiff can timely seek a protective order

  (b) promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order. Such notification shall include a copy of this Protective Order; and

  (c) cooperate with respect to all reasonable procedures sought to be pursued by plaintiff.

If the plaintiff timely seeks a protective order, the Defendant(s) served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL" before a determination by the court from which the subpoena or order issued, unless the Defendant(s) has/have obtained the plaintiff's permission. The plaintiff shall bear the burden and expense of seeking protection in that court of its confidential material – and nothing in these provisions should be construed as authorizing or encouraging defendant or defendants to disobey a lawful directive from another court.

## 6. MISCELLANEOUS

**6.1****Right to Further Relief.**  Nothing in this Order abridges the right of any person to seek its modification by the court in the future.

**IT IS SO ORDERED.**

DATED:  September 4, 2012                 _____
                                                                   Honorable Paul L. Abrams
                                                                   United States Magistrate Judge

SUBMITTED BY:

Maryann P. Gallagher

Law Offices of Maryann P. Gallagher
The LA Times Building
202 West 1st Street, Suite TS100
Los Angeles, CA  90012
Ph: 213-237-2001
Fax: 213-237-2003
mgallagher@mpg-law.com

5

ORDER

THE COURT HEREBY ORDERS AS FOLLOWS:

The CONFIDENTIAL DOCUMENTS described as: all notes or summaries, including the investigative summary and any notes prepared by Dick Delong , Paul Thomas, Scott Mazo, regarding the allegations against Hector Benavides previously identified as identified as Bates Stamped Number ABGL2, ABGL5 to and including ABGL 13,ABGL 39 and ABGL 785-786 . The originals and any copies of these documents shall be deemed to be Protected Confidential Materials subject to this Protective Order.

These documents, or copies thereof, shall not be produced to any party or non-party outside this litigation without prior order of this court**, or by agreement of the parties.**

IT IS SO ORDERED:

DATED:  September 5, 2012

_____
Honorable Paul L. Abrams
United States Magistrate Judge

_____